IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAVON FLAHERTY                                                                                   PLAINTIFF

V.                                               NO. 10-CV-4132

PAUL KIRK, JIM RICE,
JIM RICE EQUIPMENT,
AND JOHN DOES 1-5                                                                             DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed May 18, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 30). Judge Bryant recommends that Defendants' Motion to Dismiss (ECF No. 8) be denied in its entirety. Defendants[1] have responded with timely objections. (ECF No. 33). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Defendants moved for dismissal on the ground that Separate Defendant Paul Kirk is deceased and the statute of limitations had run against him. The magistrate judge found that the motion to dismiss was not a proper avenue for determining whether the statute of limitations had run because this defense would have to be established outside the complaint. See *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011). Defendants object to this finding and argue that the Court should take judicial notice of Defendant Kirk's death and consider whether the statute of limitations has expired against Kirk. However, in a separate order, the magistrate judge found that Defendant Kirk's estate may be added in place of Defendant Kirk pursuant to the relation-back doctrine as set

---

[1] In this order, "Defendants" refers collectively to Separate Defendants Jim Rice and Jim Rice Equipment.

forth in Fed. R. Civ. P. 15(c)(1)(C). (ECF No. 28). Thus, the Court agrees with the magistrate judge that Defendants' motion to dismiss on the ground that the statute of limitations has run against Defendant Kirk should be denied.

Next, Defendants object to the findings of the magistrate judge allowing Plaintiff to proceed with claims of vicarious liability against Defendants. Defendants assert that there are no negligence allegations against Defendant Kirk because the allegations contained in the complaint are null and void as to this deceased defendant. However, as noted earlier, the magistrate judge found in a separate order that Defendant Kirk's estate may be added in place of Defendant Kirk  Thus, the Court agrees with the magistrate judge that Defendants' motion to dismiss on the ground that Plaintiff's vicarious liability claims against them are time-barred should be denied.

Defendants' next objection is that the findings of the magistrate judge allowing Plaintiff to proceed with a claim of direct negligence against Defendants is erroneous. Defendants argue that Plaintiff's complaint fails to state sufficient facts to meet the elements required for a direct negligence cause of action. Having reviewed Plaintiff's complaint in this matter, the Court agrees with the magistrate judge that Plaintiff has properly pled sufficient facts to comply with the notice pleading requirement of Federal Rule of Civil Procedure 8(a)(2).

Defendants object to the magistrate judge's finding that the Court has specific personal jurisdiction over Defendants. Defendants claim that their contact with Arkansas was "random" or "fortuitous" such that they should not be haled into Arkansas to defend this lawsuit. However, the Court agrees with Judge Bryant's well-reasoned analysis regarding this issue and finds that the Court has personal jurisdiction over Defendants based upon their specific contact with Arkansas.

Defendants' final objection deals with the magistrate judge's finding that Plaintiff's complaint sufficiently alleges a punitive damages claim. To recover punitive damages, a plaintiff must prove by clear and convincing evidence that the defendant knew or ought to have known, in light of the surrounding circumstances, that his conduct would naturally and probably result in injury or damage and that he continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred. Ark Code Ann. § 16-55-206. Here, keeping in mind that this litigation is in its early stages, the Court agrees with the magistrate judge that Plaintiff has pled sufficient factual allegations to state a claim for punitive damages. However, Defendant may wish to revisit this issue at the summary judgment stage of this litigation.

For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (ECF No. 30), Defendants' Motion to Dismiss (ECF No. 8) is **DENIED**

**IT IS SO ORDERED**, this 8th day of July, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge